UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUDIE COLLOM, ET AL.                                        PLAINTIFFS

vs.                                         CIVIL ACTION NO. 3:13CV262 DPJ-FKB

ALAN THOMAS, ET AL.                                        DEFENDANTS

ORDER

This personal-injury case is before the Court on Defendants' Motion to Dismiss for

Failure to Serve Process [43]. Plaintiffs responded in opposition. The Court, having considered

the memoranda of the parties, finds the motion should be denied. Plaintiffs are granted 14 days

to serve process on Defendant Alan Thomas.

I.      Facts and Procedural History

Plaintiffs filed this suit in the Circuit Court for the First Judicial District of Hinds County,

Mississippi on April 23, 2013. Plaintiffs allege Defendant Alan Thomas ("Thomas"), an

employee of PAM Transport, Inc. ("PAM"), injured Plaintiffs when Thomas collided with

Plaintiffs' vehicle on U.S. Interstate 20. Pls.' Compl. [1-2] at ¶ 6. PAM subsequently removed

this case pursuant to diversity jurisdiction on May 3, 2013. Prior to removal, Plaintiffs properly

served PAM on April 26, 2013. Plaintiffs failed to serve process on Thomas either before or

after Defendants' removal. Defs.' Rebuttal Mem. [47] at ¶ 1.

II.     Standard of Review

Rule 4(m) of the Federal Rules of Civil Procedure requires plaintiffs to serve process

within 120 days of filing a complaint. If process is not served within that time-frame, the Court

"must dismiss the action without prejudice against that defendant or order that service be made

within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause" for failing to

properly serve a defendant, the court "must extend the time for service for an appropriate period." *Id.*

Determining "good cause" for failure to serve process is within the sound discretion of the court. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (5th Cir. 1995). The party failing to timely serve process bears the burden of showing "good cause." *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013). This burden demands "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Even if "the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher*, 709 F.3d at 511. Such relief may be warranted when, for example, the "applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee notes (1993).

III.     Analysis

Defendants argue that Plaintiffs' failure to serve process on Thomas is without good cause, and "[t]his is hardly the case of a defendant attempting to evade process, but rather the Plaintiffs simply failing to serve Thomas within 120 days from the date of removal." Defs.' Rebuttal Mem. [47] at ¶ 4, 7. Conversely, Plaintiffs allege that an associate attorney falsely informed lead counsel that Defendants agreed to waive service on Thomas, and but for that mistaken belief, Plaintiffs would have properly served Thomas. Pls.' Mem. Opp. [45] at ¶¶ 10–11.

2

Regardless of whether Plaintiffs' lead counsel was falsely informed as to an agreement for waiver of service, he is responsible for the actions of his subordinates.  *See Shelton v. Lift, Inc.*, 967 So. 2d 1254, 1256 (Miss. Ct. App. 2007) (holding attorney responsible for actions of paralegal).  Plaintiffs did not request an extension of time until well after the 120 day period, and only upon the motion of Defendants to dismiss Thomas from this suit.  Plaintiffs therefore fail to allege "good cause" under Rule 4(m).  *Winters*,  776 F.2d at 1306.

Despite the absence of "good cause" in this case, the Court may still exercise discretion to extend the time for service.  *Thrasher*, 709 F.3d at 511.  Though Plaintiffs substantially failed to comply with the requirements of Rule 4(m), forcing Plaintiffs to refile their claim in a separate action would only waste judicial resources and create duplicative litigation, followed by a likely motion to consolidate.  Thomas was adequately informed of this suit, and Defendants are working with Plaintiffs' counsel for upcoming depositions.  As such, Thomas would not suffer significant prejudice or undue surprise if an extension is granted.

IV.    Conclusion

The Court has considered all the arguments.  Those not specifically addressed would not change the result.  For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Serve Process [43] is denied.  Plaintiffs will have 14 days from entry of this Order to serve Defendant Alan Thomas.  If Plaintiffs fail to do so, the Court will dismiss all associated claims without further notice.

**SO ORDERED AND ADJUDGED** this the 20th day of February, 2014.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE